**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

JOSE QUINOY and MARINA QUINOY,

Plaintiffs,

-against-

CATHERINE PENA, and THE UNITED STATES OF AMERICA,

Defendants.

-----------------------------------------------------------X

**ECF CASE**

Civil Action: 13cv1945 (PKC)

**COMPLAINT**

**PLAINTIFFS DEMAND A TRIAL BY JURY ON THOSE CLAIMS SO TRIABLE**

Plaintiffs, JOSE QUINOY and MARINA QUINOY, (collectively, "plaintiffs") by their attorneys, SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C., as and for their complaint herein, state and allege upon information and belief:

## INTRODUCTION

1. This action is brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 390-97 (1971) for violations of plaintiff Jose Quinoy's rights to Due Process afforded by the Fifth Amendment to the United States Constitution and his right to a fair trial as afforded by the Sixth Amendment to the United States Constitution.

2. This action is also brought pursuant to the Federal Torts Claim Act, ("FTCA") codified at 28 U.S.C. §§ 1346(b), 2671-2680.

At all times hereinafter alleged, plaintiff Jose Quinoy was a police officer for the Village of Sleepy Hollow, located in Westchester County, New York. On March 24, 2010, he was indicted in United States District Court, Southern District of New York for alleged use of excessive force upon two individuals whom he arrested on separate occasions as well as for witness tampering. During the investigation of plaintiff Jose Quinoy, defendant CATHERINE

PENA ("PENA"), a special agent employed by the Federal Bureau of Investigation ("FBI"), had his coworker, Michael Hayes ("Hayes") wear a recording device to record conversations with him.

4. One of Hayes' recordings, entitled 1D-5, referenced another, exculpatory recording, entitled 1D-4.

5. The transcript and recording of 1D-4 were never found, as the compact disc labeled 1D-4 was blank because PENA had destroyed it and replaced it with a blank disc.

6. At plaintiff Jose Quinoy's trial, United States District Judge Kenneth Karas of the Southern District of New York's imposed sanctions on the prosecution by allowing plaintiff Jose Quinoy to argue to the jury that PENA's intentional destruction of 1D-4 was to prevent exculpatory evidence from being considered by the jury. Additionally, the Court also read an adverse inference instruction to the jury regarding PENA's intentional destruction of 1D-4.

7. Plaintiff Jose Quinoy was acquitted by a jury in United States District Court Southern District of New York on two of the three charges against him, with the jury hung on the remaining charge. Subsequently, the remaining charge was dismissed with prejudice.

8. As a result of PENA's intentional destruction of evidence, plaintiff Jose Quinoy lost his job, incurred legal expenses, was the subject of numerous negative and harmful media reports, and continues to suffer economic harm to this day.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that it arises under the Constitution and laws of the United States and under Bivens, 403 U.S. at 390-97, and it seeks to secure relief directly under the Constitution, specifically damages for defendants' violation of plaintiff Jose Quinoy's rights under the Fifth and Sixth Amendments. Additionally, this Court has exclusive jurisdiction over plaintiffs' FTCA claims pursuant to 28 U.S.C. § 1346(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) because the acts and omissions complained of herein occurred in this district.

## FEDERAL TORTS CLAIM ACT EXHAUSTION

11. Pursuant to the FTCA, on May 10th, 2012, plaintiffs served the FBI's Office of the General Counsel with an executed Standard 95 administrative claim form. A copy of plaintiffs' Standard 95 form and the exhibits annexed thereto is annexed hereto as **Exhibit "A"**.

12. To date, plaintiffs have not received a denial or settlement of their claims.

13. Pursuant to the FTCA, this action has been brought more than six (6) months from the date of the service of plaintiffs' administrative claim.

## JURY TRIAL DEMAND

14. Plaintiffs hereby requests a trial by jury on all claims so triable.

## PARTIES

15. That at all times hereinafter alleged, plaintiff Jose Quinoy was and is still a United States citizen and resident of the State of New York.

16. That at all times hereinafter alleged, plaintiff Jose Quinoy resided and still resides in Montrose, New York, located in Westchester County.

17. That plaintiff Jose Quinoy is currently a police officer for the City of Mount Vernon Police Department, located in Westchester County, New York.

18. That at all times hereinafter alleged, plaintiff Marina Quinoy was and is still plaintiff Jose Quinoy's wife during the events that gave rise to this action.

19. That at all times hereinafter alleged, plaintiff Marina Quinoy was and is still a United States citizen and resident of the State of New York.

20. That at all times hereinafter alleged, plaintiff Marina Quinoy resided and still resides in Montrose, New York, located in Westchester County.

21. That at all times hereinafter alleged, defendant PENA was and is still a special agent for the FBI during the investigation and prosecution of plaintiff Jose Quinoy between 2007 and 2010.

22. That at all times hereinafter alleged, defendant PENA was and is still a federal employee of defendant THE UNITED STATES OF AMERICA ("UNITED STATES").

## FACTS

23. Plaintiffs incorporate by reference all facts and allegations contained in paragraphs 1 - 22.

24. On October 17, 2006, plaintiff Jose Quinoy was a police officer for the Village of Sleepy Hollow, New York ("Sleepy Hollow").

25. On or about October 17, 2006, Mario Gomez ("Gomez") was arrested outside the Sleepy Hollow Police Department headquarters by Sleepy Hollow Police Officers, including plaintiff Jose Quinoy.

26. On or about December 17, 2006, plaintiff Jose Quinoy responded to a police call regarding Luis Vilches ("Vilches") and assisted in arresting him with other Sleepy Hollow police officers.

27. On or about December 12, 2007, the FBI sent a letter to the Sleepy Hollow Police Department stating that it was beginning an investigation into certain arrests that plaintiff Jose Quinoy assisted in, including the Gomez and Vilches arrests.

28. During the course of the FBI investigation, PENA had Hayes, a Sleepy Hollow police officer and plaintiff Jose Quinoy's coworker, wear a recording device to secretly record conversations between him and plaintiff.

29. Hayes' recordings were submitted to FBI technicians who then loaded the files on to compact disks, labeled them, and turned them over to PENA.

30. 1D-5, a recording made by Hayes on or about June 4, 2008, contained a conversation between Hayes and PENA regarding a prior recording, 1D-4.

31. There were three conversations on 1D-4, including a conversation from May 24, 2008 between Hayes and Sleepy Hollow police officer D'Allesandro.

32. Upon information and belief, on 1D-4, D'Allesandro offered exculpatory evidence for plaintiff Jose Quinoy stating that he did not see him use unreasonable force during the Gomez arrest and refuting Gomez' version of his arrest.

33. PENA took active steps to block the production of 1D-5 to the prosecution, including changing its written transcript to erase any mention of conversations that were recorded on 1D-4 and editing it from forty two (42) pages to thirteen (13) pages.

34. PENA destroyed the original 1D-4 compact disc and replaced it with a blank disc.

35. The transcript and recording of 1D-4 were never recovered.

36. On or about April 28, 2009, plaintiff Jose Quinoy was arrested by the defendant PENA and charged with using unreasonable force during the Gomez and Vilches arrests.

37. On or about April 28, 2009, plaintiff Jose Quinoy was placed on administrative suspension without pay by the Sleepy Hollow Police Department.

38. On or about April 29, 2009, plaintiff Jose Quinoy was indicted by a federal grand jury in United States District Court, Southern District of New York for allegedly using excessive force with Gomez and Vilches during their respective arrests.

39. On or about March 24, 2010, plaintiff Jose Quinoy was indicted by a federal grand jury in United States District Court, Southern District of New York via a superseding indictment, which included the previous alleged use of excessive force and added a witness tampering charge.

40. On or about June 15, 2010, United States District Judge Kenneth Karas of the Southern District of New York ordered that at the criminal trial, plaintiff Jose Quinoy could introduce evidence before the jury regarding the destruction of evidence and that an adverse inference instruction would be given to the jury.

41. Judge Karas ruled that the loss of evidence was chargeable to the government, as the weight of the evidence supported that PENA intentionally destroyed evidence in bad faith and subsequently attempted to cover it up by lying.

42. Judge Karas further ruled that plaintiff Jose Quinoy could argue to the jury that the missing FBI tape contained exculpatory information and therefore could have created reasonable doubt as to his guilt.

43. On or about July 21, 2010, plaintiff Jose Quinoy was acquitted by a jury in United States District Court, Southern District of New York on the Vilches assault charge and witness tampering charge. The jury was hung on the Gomez assault charge and a mistrial was ordered regarding that charge.

44. On or about August 30, 2010, Judge Karas ordered that the Gomez assault charge be dismissed. This order was entered on September 2, 2010.

**FIRST CLAIM FOR RELIEF**

45. Plaintiffs incorporate by reference all facts and allegations contained in paragraphs 1 – 44.

46. The Due Process clause requires notice and the opportunity to be heard before the deprivation of life, liberty, or property. It protects against abuse of government authority in a legal proceeding.

47. As alleged herein, defendant PENA acted under the color of federal law to investigate, promote, facilitate, and prolong a malicious, bad faith criminal investigation of plaintiff Jose Quinoy. This malicious investigation was undertaken in bad faith, caused by malicious motives, and involved conduct that shocks the conscience.

48. Among PENA's malicious actions that shock the conscience, she suppressed exculpatory evidence; tampered with exculpatory evidence and vigorously pursued a criminal investigation that she knew to be unwarranted and baseless.

49. PENA's actions were performed in the scope of her employment as an FBI agent.

50. PENA's actions were malicious and evidenced a callous and reckless disregard for, and deliberate indifference to, plaintiff Jose Quinoy's constitutional rights, specifically his right to Due Process under the Fifth Amendment.

51. PENA's actions were beyond the plain meaning of her statutory authority.

52. As a direct and foreseeable consequence of PENA's conduct, plaintiff Jose Quinoy was denied his right to notice and the opportunity to be heard before deprivation of liberty as afforded by the Fifth Amendment to the United States Constitution.

53. As a direct and foreseeable consequence of PENA's conduct, plaintiff Jose Quinoy suffered injuries including damage to his reputation, emotional suffering, past and future

economic loss, constitutional deprivations, legal expenses, and other injuries proximately caused and enhanced by PENA's wrongful conduct.

54. As PENA's actions were intentional as to the tampering with and destruction of exculpatory evidence, she does not enjoy qualified immunity on the basis of a good faith belief that her actions were lawful.

## SECOND CLAIM FOR RELIEF

55. Plaintiffs incorporate by reference all facts and allegations contained in paragraphs 1 - 54.

56. PENA's actions were performed in the scope of her employment as an FBI agent.

57. PENA's actions were malicious and evidenced a callous and reckless disregard for, and deliberate indifference to, plaintiff Jose Quinoy's constitutional rights, specifically his right to a fair trial under the Sixth Amendment.

58. PENA's actions were beyond the plain meaning of her statutory authority.

59. As a direct and foreseeable consequence of PENA's conduct, plaintiff Jose Quinoy was denied his right to a fair trial as afforded by the Sixth Amendment to the United States Constitution.

60. As a direct and foreseeable consequence of PENA and the FBI's conduct, plaintiff Jose Quinoy suffered injuries including damage to his reputation, emotional suffering, past and future economic loss, constitutional deprivations, legal expenses, and other injuries proximately caused and enhanced by PENA's wrongful conduct.

61. As PENA's actions were intentional as to the tampering with and destruction of exculpatory evidence, she does not enjoy qualified immunity on the basis of a good faith belief that her actions were lawful.

## **THIRD CLAIM FOR RELIEF**

62. Plaintiffs incorporate by reference all facts and allegations contained in paragraphs 1 – 61.

63. PENA's actions were performed in the scope of her employment as an FBI agent.

64. PENA's actions were malicious in intentionally, wrongfully and falsely arresting, detaining, and imprisoning plaintiff Jose Quinoy without his consent on or about April 28, 2009 without any justifiable ground therefore.

65. PENA's actions were beyond the plain meaning of her statutory authority.

66. As a direct and foreseeable consequence of PENA and the FBI's conduct, plaintiff Jose Quinoy suffered injuries including damage to his reputation, emotional suffering, past and future economic loss, constitutional deprivations, legal expenses, and other injuries proximately caused and enhanced by PENA's wrongful conduct.

67. As PENA's actions were intentional as to the tampering with and destruction of exculpatory evidence, she does not enjoy qualified immunity on the basis of a good faith belief that her actions were lawful.

68. As PENA was a federal employee at the time of the aforesaid allegations and claims, her liability is imputed to defendant UNITED STATES under the FTCA.

**FIFTH CLAIM FOR RELIEF**

69. Plaintiffs incorporate by reference all facts and allegations contained in paragraphs 1 - 68.

70. PENA's actions were performed in the scope of her employment as an FBI agent.

71. Following plaintiff Jose Quinoy's false arrest on or about April 28, 2009, he was falsely and maliciously charged and prosecuted with various crimes of which he was innocent, as by his acquittal by a jury in United States District Court, Southern District of New York on the Vilches assault charge and witness tampering charge on or about July 21, 2010 and by the dismissal of the Gomez assault charge by Judge Karas on or about August 30, 2010.

72. The malicious prosecution of plaintiff Jose Quinoy was initiated and instigated by defendant PENA's malicious and unjustifiable conduct in investigating him without probable cause.

73. PENA's actions were beyond the plain meaning of her statutory authority.

74. As a direct and foreseeable consequence of PENA and the FBI's conduct, plaintiff Jose Quinoy suffered injuries including damage to his reputation, emotional suffering, past and future economic loss, constitutional deprivations, legal expenses, and other injuries proximately caused and enhanced by PENA's wrongful conduct.

75. As PENA's actions were intentional as to the tampering with and destruction of exculpatory evidence, she does not enjoy qualified immunity on the basis of a good faith belief that her actions were lawful.

76. As PENA was a federal employee at the time of the aforesaid allegations and claims, her liability is imputed to defendant UNITED STATES under the FTCA.

**FIFTH CLAIM FOR RELIEF**

77. Plaintiffs incorporate by reference all facts and allegations contained in paragraphs 1 - 76.

78. As plaintiff Jose Quinoy's wife, plaintiff Marina Quinoy was entitled to services, society, love, companionship, consortium, support, and pecuniary support from him.

79. As a direct and foreseeable consequence of PENA's conduct, plaintiff Marina Quinoy suffered injuries including loss of services, society, love, companionship, consortium, and support.

**PRAYER FOR RELIEF**

80. Wherefore, plaintiffs pray for the following relief:

a. damages, in the amount of TEN MILLION ($ 10,000,000) and 00/100 DOLLARS from both defendant PENA and defendant UNITED STATES, as compensation for injuries to plaintiff Jose Quinoy's reputation, emotional suffering, past and future economic loss, constitutional deprivations, legal expenses, and other injuries proximately caused and enhanced by PENA's wrongful conduct;

b. damages, in the amount of TWO MILLION ($ 2,000,000) and 00/100 DOLLARS from both defendant PENA and defendant UNITED STATES as compensation for plaintiff Marina Quinoy's loss of services, society, love, companionship, consortium, and support.

c. punitive damages, in the amount of FIVE MILLION ($ 5,000,000) and 00/100 DOLLARS, to punish PENA for fraudulent, willful and wanton, and malicious conduct; to punish PENA for outrageous conduct pursued with actual malice that recklessly and callously disregarded plaintiff Jose Quinoy's physical and emotional well-being and constitutional rights;

to discourage PENA from engaging in similar conduct in the future; and to deter others similarly situated from engaging in similar wrongful conduct;

d. an award for reasonable and customary costs, expenses, and interest incurred in pursuit of this action;

e. any other relief deemed just and proper.

Dated: New York, New York
March 21, 2013

Respectfully Submitted,

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO P.C.

By: ______________________
FRANK V. FLORIANI (FF 4489)
GLENN W. NICK (GN 4212)
Attorneys for Plaintiffs
120 Broadway
New York, New York 10271
(212) 732-9000