UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                  :
JOSE QUINOY and MARINA QUINOY,                    :
                                                  :
                              Plaintiffs,         :        13-cv-1945 (NSR)
        -against-                                 :
                                                  :        OPINION AND ORDER
CATHERINE PENA and THE UNITED STATES  :
OF AMERICA,                                       :
                                                  :
                              Defendants.         :
-----------------------------------------------------------------X
NELSON S. ROMÁN, United States District Judge:

    Before the Court is a motion for reconsideration from Defendant United States of

America (the "Government") of this Court's Opinion and Order of May 14, 2014, which granted

in part and denied in part the Government's motion to dismiss. (Docket No. 44 or the "May

Order"). Familiarity with the May Order is assumed. The Court dismissed all claims against

Defendant Catherine Pena and dismissed all but plaintiffs' claims of malicious prosecution and

loss of consortium against the Government.  The Government moved for reconsideration of the

Court's Opinion and Order on May 30, 2014. The Government contends that the Court erred in

denying the Government's motion to dismiss Plaintiffs' malicious prosecution claim.

## STANDARD ON A MOTION TO RECONSIDER

    Motions for reconsideration are governed by Local Civil Rule 6.3 and Fed. Rule Civ. P

60(b). The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict.

*Targum v. Citrin Cooperman & Conipany, LLP*, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25,

2013). They are "addressed to the sound discretion of the district court[.]" *Mendell ex rel.*

*Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2014

vehicle for ... presenting the case under new theories ... or otherwise taking a 'second bite at the apple ....'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'") (quoting *Polsby v. St. Martin's Press,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys,* 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.,* 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.,* Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

## I.   Basis for Denying the Government's Prior Motion to Dismiss Malicious Prosecution Claim

The Court's May Order permitted plaintiffs' claim of malicious prosecution and the attendant claim of loss of consortium to survive.  The May Order analyzed Quinoy's *Bivens* claim against the Government for malicious prosecution under the Federal Tort Claims Act. The Court denied the Government's motion to dismiss Quinoy's malicious prosecution claim because the Court found questions of fact as to "whether and how Pena motivated the prosecution."  May Order at 19.   Specifically, the Court was unable to "make factual determinations as to grand jury

testimony and the contents of 1D-4." *Id.* Such questions pertain to both the elements of lack of probable cause and actual malice requisite to a claim for malicious prosecution, *id.* at 15, and whether the malicious prosecution claim is barred because control of the prosecution has passed to the prosecutor, *id.* at 18.

The Government asks the Court to reconsider its decision in light of, among other factors, a recent Second Circuit decision dated May 16, 2014. The Government argues that the decision contradicts this Court's analysis of *Rehberg* immunity and its application to the instant case. Specifically, the Government says that the new decision bars any theory of liability arising from Pena's alleged false grand jury testimony. Mem. of Law in Supp. of Def. United States of America's Mot. for Recons. ("Govt. Br. in Supp. of Mot. for Recons.") at 7-9.

After this Court issued the May Order, the Second Circuit decided *Morales v. City of New York*, 752 F.3d 234, 237, 2014 WL 1978764, at *2 (2d Cir. May 16, 2014), finding that a federal agent was entitled to absolute immunity from Bivens liability for his alleged false grand jury testimony. *Morales* explicitly extends absolute immunity to a defendant federal agent's grand jury testimony in a Bivens suit. *Id.* ("In *Rehberg v. Paulk*, ——U.S. ——, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012), the Supreme Court held that a grand jury witness was entitled to absolute immunity in a § 1983 action based on his grand jury testimony. *Id.* at 1506. We have since applied *Rehberg* to actions under § 1983 and the Federal Tort Claims Act, but not yet to a Bivens action. *See Marshall v. Randall*, 719 F.3d 113 (2d Cir. 2013); *Vidro v. United States*, 720 F.3d 148 (2d Cir. 2013). We now hold that [defendant] is entitled to absolute immunity from Bivens liability for his grand jury testimony.")

3

Although *Morales* was decided after the May Order, "'[t]he general rule of long standing is that judicial precedents normally have retroactive as well as prospective effect.'" *Kremer v. Chemical Const. Corp.*, 623 F.2d 786, 788 (2d Cir. 1980) (quoting *National Association of Broadcasters v. FCC*, 554 F.2d 1118, 1130 (D.C. Cir. 1976). *Morales* constitutes a change in law sufficient to warrant reconsideration of the Court's determination that Pena could not claim immunity for allegedly false grand jury testimony. The FTCA provides that "the United States shall be entitled to assert any defense based on judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674. The Court reconsiders the May Order, now foreclosing plaintiffs' theory of malicious prosecution based on allegedly false grand jury testimony and thus more narrowly construing plaintiffs' malicious prosecution claim.

However, *Morales* has no effect on the potential liability arising from Pena's alleged destruction of exculpatory evidence on 1D-4. The Court's inability to determine questions as to "the contents of 1D-4" at the pleading stage is a factor contributing to its decision not to dismiss the malicious prosecution charge. May Order at 19. The destruction of 1D-4 may be enough to show that Pena exerted control over the prosecution, implicating malicious prosecution. Given the "factual determinations" that the Court cannot make at the pleadings stage, the destruction of 1D-4 is potentially sufficient to show that Pena tainted the grand jury indictment. The Court finds that even without Pena's alleged false testimony, Pena's intentional destruction of evidence raises a potential malicious prosecution claim. The malicious prosecution claim still survives, albeit based only on Pena's destruction of evidence.

4

In the State of New York, the success of a claim for malicious prosecution under *Bivens* depends upon proof of each of the following elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceedings in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010); *see* May Order at 15. The May Order found that the first two required elements (initiation of a criminal proceeding and termination of the proceeding in the plaintiff's favor) were satisfied. With regard to the third element, the Court observed that "[b]ased on a review of the evidence submitted, Quinoy has not met the heavy burden of rebutting the presumption of probable cause [created by a grand jury indictment]." *Id.* at 17. The Court did not explicitly address whether Quinoy adequately plead actual malice. *See Id.* at 17 (observing only that "Plaintiffs' pleading of actual malice is limited to Pena"). Nevertheless, the Court found that questions of fact remained as to "whether and how Pena motivated the prosecution" and concluded that the malicious prosecution claim against the Government should survive the motion to dismiss. *Id.* at 19.

The Court's decision was based on its inability to resolve factual issues surrounding Agent Pena's destruction of the contents of 1D-4, which bears on probable cause and actual malice. *Id.* Plaintiffs speculate that Pena falsely testified before the grand jury, and that the indictment was the product of that testimony. Am. Compl. at ¶¶ 5, 43. Defendants counter that such speculation is mere conjecture and does not state a claim. Pena Reply at 2. In addition, Plaintiffs speculate that the destroyed conversation on 1D-4 contained exculpatory information provided by Officer D'Alessandro refuting the allegation that Quinoy used excessive force during the Gomez arrest. Am. Compl. ¶¶ 63-64. The Government responds that there is no harm

5

caused by the loss of 1D-4 because the grand jury heard D'Alessandro testify on September 15, 2008 "that Jose Quinoy did not kick Gomez during the Gomez arrest." While Plaintiffs may not ultimately prove their malicious prosecution claim on the basis of Pena's fraudulent destruction of 1D-4, the sufficiency of this claim is difficult to ascertain at the pleading stage. The Court denied the Government's motion to dismiss so that discovery may further illuminate Pena's destruction of 1D-4.

## II.     The Government's Remaining Arguments for Reconsideration

### A.  Probable Cause

"[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Savino v. City of New York,* 331 F.3d 63, 72 (2d Cir. 2003); *see also Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003) ([I]f there was probable cause for the prosecution, then no malicious prosecution claim can stand."). Furthermore, "indictment by a grand jury creates a presumption of probable cause." *Id.* That presumption may be rebutted only "by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Id.* (quoting *Colon v. City of New York,* 60 N.Y.2d 78, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983)). Thus, the fraudulent behavior of a law enforcement officer may contribute to a showing that no probable cause existed in a malicious prosecution case. "Like a prosecutor's knowing use of false evidence to obtain a tainted conviction, a police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable 'corruption of the truth-seeking function of the trial process.'" *Ricciuti v. N.Y.C. Transit Authority,* 124 F.3d 123, 130 (2d Cir. 1997) (quoting *United States v. Agurs,* 427 U.S. 97, 104 (1976)).

The Government argues that the Court should have dismissed plaintiffs' malicious prosecution claim as a direct consequence of its observation that Quinoy "has not met the heavy burden of rebutting the presumption of probable cause." May Order at 17.  The Government interprets this to mean that the third element of the malicious prosecution claim had "clearly *not* been met."   Govt. Br. in Supp. of Mot. for Recons. at 7. The Court now clarifies the comment regarding Quinoy's failure to rebut the presumption of probable cause created by a grand jury indictment.  A grand jury indictment creates a presumption of probable cause and the presence of probable cause is a complete defense to malicious prosecution that would bar Quinoy's claim. However, the Court subsequently discussed factual issues surrounding the indictment process. *See* May Order at 19. The Court still allowed the malicious prosecution claim to survive because factual questions remain as to whether the grand jury indictment was tainted by fraud.

Even absent the allegation of false testimony, Pena's destruction of 1D-4 in bad faith prior to the indictment may be enough to show that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  *Savino*, 331 F.3d at 72 (quoting *Colon v. City of New York,* 60 N.Y.2d 78, 83, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983)) (emphasis in original). The Court declined to find that plaintiffs sufficiently rebutted the presumption of probable clause because such a finding is premised on factual determinations whose resolution was inappropriate at the pleading stage.   Additionally, malice may be inferred from the absence of probable cause.

### B.  Actual Malice

The Government argues that the Court overlooked plaintiffs' failure to allege actual malice, the fourth required element of an FTCA malicious prosecution claim.  Govt. Br. in Supp.

7

of Mot. for Recons. at 13-14.  "New York law considers the lack of probable cause and the presence of malice closely related," and "[a] lack of probable cause generally creates an inference of malice." *Beckett v. Incorporated Village of Freeport*, 2014 WL 1330557, at *15 (E.D.N.Y. Mar. 31, 2014) (internal citations omitted); *see, e.g.*, *Maxwell v. City of New York*, 156 A.D.2d 28, 29  (N.Y. App. Div. 1990) ("A jury may infer the existence of actual malice from the absence of probable cause").

The Government asserts that "[b]ecause the Court held that 'Quinoy has not met the heavy burden of rebutting the presumption of probable cause,' it should also have concluded that Plaintiffs had failed to adequately allege any actual malice by the Government."  Govt. Br. in Supp. of Mot. for Recons at 14 (quoting May Order at 17).  In support of its assertion the Government cites a recent district court decision, *Beckett v. Incorporated Village of Freeport*, No. 11 Civ. 2163, 2014 WL 1330557 at *15 (E.D.N.Y. Mar. 31, 2014), which it says held that "plaintiff's failure to allege probable cause supported a conclusion that none of the defendants were motivated by actual malice."  Govt. Br. in Supp. of Mot. for Recons. at 14.  In *Beckett*, the court had already reached the legal conclusion that there was no question of probable cause since the plaintiff pleaded no facts showing that his indictment had been procured fraudulently. *Beckett*, 2014 WL 1330557 at *14. Thus, this case is not on point.

### C.  Subject Matter Jurisdiction

The Government states that the Court erred in failing to dismiss plaintiffs' malicious prosecution claim against the Government "to the extent that claim arose out of Agent Pena's allegedly false grand jury testimony because Plaintiffs' administrative tort claim failed to place the FBI on notice on [sic] this theory of liability."  Govt. Br. in Supp. of Mot. for Recons. at 4.

8

The Government admits that it raised this issue in its briefs in support of dismissal. *See* Mem. of Law in Supp. of Mot. to Dismiss the Am. Compl. against Def. United States of America ("Govt. Br. in Supp. of Mot. to Dismiss") at 11; Reply Mem. of Law in Supp. of Mot. to Dismiss the Am. Compl. against Def. United States of America at 2-8.  It alleges the Court mischaracterized the basis for its jurisdiction in "overly broad terms as being 'premised…on Pena's alleged acts and omissions,' which was an imprecise description that led the Court to assume jurisdiction over unexhausted claims of Agent Pena's allegedly false grand jury testimony, which Plaintiffs *never* asserted in their administrative tort claim."  Govt. Br. in Supp. of Mot. for Recons. at 5.

The Government characterized plaintiffs' administrative tort claim as focused solely on Pena's "intentional destruction of exculpatory evidence." Govt. Br. in Supp. of Mot. to Dismiss at 11.  The question is whether plaintiffs' tort claim was sufficient to put the Government on notice of the alleged false testimony.  A recent decision from the Eastern District of New York states "a claim may be sufficient even if it does not present the claimant's specific theories of liability or the facts underlying those theories." *Young v. United States*, 12-CV-2342 ARR SG, 2014 WL 1153911, at *8 (E.D.N.Y. Mar. 20, 2014).  "[D]istrict courts in this circuit have found that plaintiffs properly presented claims that a reasonable government investigation should have revealed, even if the claim forms did not include the specific facts necessary to support the claim." *Id.*; *see also Johnson by Johnson v. United States*, 788 F.2d 845, 848-49 (2d Cir. 1986) (finding that a claim form alleging sexual assault by a postal service employee was sufficient to put the agency on notice of a claim for negligent supervision), overruled on other grounds by *Sheridan v. United States,* 487 U.S. 392 (1988). Under this view, plaintiffs' argument would be that a claim of malicious prosecution against Pena premised on allegations that she intentionally

9

destroyed exculpatory evidence was sufficient to put the FBI on notice that Pena may have acted fraudulently in other instances within the context of the prosecution.

The Court need not reach the Government's argument that the Court mistakenly found subject-matter jurisdiction over plaintiffs' allegations of false grand jury testimony because the Second Circuit's subsequent decision in *Morales* forecloses plaintiffs' allegations of false grand jury testimony.

### D.  Control Over the Prosecution

The Government takes issue with the Opinion's reliance on *Frigerio v. United States* because it does "not address any of the four substantive elements of plaintiff's malicious prosecution claim" and therefore does not "rebut the Government's showing the Amended Complaint contains no factual allegations to make out a plausible FTCA malicious prosecution claim."  Govt. Br. in Supp. of Mot. for Recons. at 11.  The Government states that *Frigerio* implicated "the applicability of the intentional tort exception to the FTCA, which bars all claims arising out of malicious prosecution and other intentional torts against the Government, except to the extent those intentional torts arise out of 'the acts or omissions of investigative or law enforcement officers.'"  Govt. Br. in Supp. of Mot. for Recons. at 11(quoting *Frigerio*, 2011 WL 3163330, at *10).  Whether the Government may invoke this exception in a malicious prosecution claim depends on whether control has passed to the prosecutor, who is not considered an "investigative or law enforcement officer[]" for the purposes of the FTCA.

The question of control does not decide whether Quinoy has adequately pled lack of probable cause and actual malice.  Prosecutorial control is obviously relevant to Quinoy's claim,

and the Court explicitly stated that it could not make a finding as to whether Pena exerted sufficient control at the pleading stage because of remaining factual questions.  May Order at 19. The Government's argument that the Court cannot find control over the prosecution does not support reconsideration to the extent that it seeks to relitigate issues already decided.

The Government's subsequent argument that Quinoy has not alleged facts permitting a plausible inference that Pena exerted sufficient control over the prosecution is without merit in this motion for reconsideration because it seeks to relitigate an issue already decided. *See* May Order at 19 ("This Court finds questions of fact regarding whether and how Pena motivated the prosecution."); *see also Shrader*, 70 F.3d at 257; *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 272 (S.D.N.Y. 2001) ("Rather than pointing to factual matters or legal decisions the Court overlooked, plaintiff argues that the Court improperly weighed the facts [and] wrongly resolved conflicting facts in defendant's favor… Such arguments are appropriate on appeal but not on a motion for reconsideration.")

## CONCLUSION

For the reasons stated above, the Government's motion for reconsideration is GRANTED in part and DENIED in part. Plaintiffs' malicious prosecution claim can only be based on the theory that Agent Pena intentionally destroyed 1D-4; she is immune for her alleged false grand jury testimony. Plaintiffs' malicious prosecution and loss of consortium claims against the Government survive. The Government is ordered to file an answer by September 4, 2014. The Clerk of Court is respectfully requested to terminate this motion (Doc. No. 45).

11

Dated: August 12, 2014
        White Plains, New York

SO ORDERED:

8/12/14

NELSON S. ROMÁN
United States District Judge

12